UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON, | No. 2:20-cv-0854 DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges large sums of money are owed to him. In this order the court will address plaintiff's motion for immediate release (ECF No. 11) and his failure to submit a motion to proceed in forma pauperis or pay the filing fee. For the reasons set forth below the court will grant plaintiff one final opportunity to submit an in forma pauperis application or pay the filing fee and deny his motion for immediate release.

**I.     In Forma Pauperis**

In order to proceed with a civil action, plaintiff is required to either pay the filing fee or be granted leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a); see also Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff has not paid the filing fee or sought leave to proceed in forma pauperis in this action. By order dated May 5, 2020, plaintiff

1

was ordered to either submit a completed in forma pauperis application or pay the filing fee. (ECF No. 8.) Plaintiff was given thirty days to comply with the court's order and was advised that failure to comply with the order would result in a recommendation that this action be dismissed. Those thirty days have passed, and plaintiff has not moved to proceed in forma pauperis or paid the filing fee. Rather he has submitted two additional unrelated filings.[1] (ECF Nos. 10, 11.)

In light of plaintiff's pro se status, the court will grant plaintiff one final opportunity to pay the filing fee or submit a properly completed in forma pauperis application. Plaintiff is warned that failure to comply with the court's order will result in a recommendation that this action be dismissed.

## II.     Motion for Immediate Release

Plaintiff argues that he should be released immediately. He claims that he is being "officially held kidnapped by the staff and counselor assigned to E-1-F – E.O.P. Enhanced-Out-Patient treatment." (ECF No. 11 at 2.) Thereafter, he alleges that he was awarded a Pulitzer award for his research in the field of psychiatry. He also alleges that it is "virtually impossible to program" without a television or compact disc player.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; request for relief turning on the circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Plaintiff's claim in this action relates to funds being stolen or lost. Thus, his claims fall under the conditions of his confinement and relief is appropriate under § 1983. Bryant v. Solano County Superior Court, No. CIVS05-2378 MCE CMK P, 2006 WL 828765 at *2 (E.D. Cal. March 29, 2006).

////

---

[1] In these filings, plaintiff has moved for release (ECF No. 11) and requested large sums of money plaintiff appears to believe are owed to him. (ECF No. 10).

To the extent he seeks release from custody, his sole federal remedy is by way of a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 574, 489 (1973) ("Release from custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus."). "The appropriate remedy for [claims concerning the terms and conditions of a prisoner's incarceration], if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement." Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

Because plaintiff's underlying claim relates to the conditions of confinement, release from custody is not an available remedy. Accordingly, the court will deny plaintiff's motion for immediate release.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's motion for immediate release (ECF No. 11) is denied.

Dated: October 12, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/over0854.ifp.rel